IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCHAEFFLER GROUP USA, INC.,   )
                              )
            Plaintiff,        )
                              )
    v.                        )   No. 09 C 1430
                              )
DEWIND, INC.,                 )
                              )
            Defendant.        )

## MEMORANDUM OPINION AND ORDER

Schaeffler Group USA, Inc. ("Schaeffler") has just sued DeWind, Inc. ("DeWind") for something over $1 million, invoking federal jurisdiction on diversity of citizenship grounds: Schaeffler's dual corporate citizenship under 28 U.S.C. §1332(c)(1)[1] is in Delaware and South Carolina, while DeWind's is in Nevada and California (in each instance the second-named state is the location of the corporation's principal place of business). This memorandum opinion and order is issued sua sponte because of an obvious potential problem in siting this action in this judicial district.

As indicated in the preceding paragraph, none of the four indicia of the parties' corporate citizenship is Illinois-based. Complaint Ex. 1 is a 16-page Master Supply Agreement ("Agreement") pursuant to which the products that Schaeffler then supplied to DeWind were ordered and delivered, and that document

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

too identifies the same places of business referred to in the preceding paragraph and identified in Complaint ¶¶2 and 3. And Complaint Ex. 2 is DeWind's purchase order for the goods now sued upon, calling for delivery by Schaeffler (with its South Carolina address) and calling for shipment to DeWind's "contract manufacturing partner" (Complaint ¶15) located in Round Rock, Texas.

What then is this lawsuit doing here? Schaeffler points to Agreement Art. 24, a single sentence that occupies something like 1/3 to 1/5 of 1% of the Agreement's text:

> Legal venue for any disputes that arise from this Master Agreement, the Quantity Agreements or the single-delivery contracts based thereon is in Chicago, Illinois.

Incidentally, although Art. 24 is captioned "Applicable Law, Arbitration/Legal Venue," neither that Article nor any other provision of the Agreement specifies that Illinois law is to be applied or sets out any arbitration provision at all.

This Court is of course well aware of the nearly-37-year-old decision in <u>The Bremen v. Zapata Off Shore Co.</u>, 407 U.S. 1, 8-20 (1972) that extended "a more hospitable attitude toward forum-selection clauses" (<u>id</u>. at 10) in the admiralty context than courts had historically provided. This Court is equally aware that--again in an admiralty case--<u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 590-96 (1991) analyzed and refined that earlier decision in <u>The Bremen</u>.

2

But the Supreme Court has also taught that "federal common law developed under admiralty jurisdiction [is] not freely transferable to [a] diversity setting" (Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988)), so that The Bremen standards do not govern the enforceability of a forum selection clause in diversity cases (id. at 29). On that score our Court of Appeals, applying both federal and Illinois law, has announced this rule in Muzumdar v. v. Wellness Int'l Network, Ltd., 438 F.3d 759, 762 (7th Cir. 2006):

> We have said that where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

And here Agreement Art. 24 lacks the "shall" command that the cases consistently treat as the hallmark of "mandatory or obligatory language," and it simply cannot be said here that "there is some further language indicating the parties' intent to make venue exclusive."

Under the circumstances, despite this Court's respect for freedom-of-contract principles, it finds real difficulty with any application of the Agreement's forum selection clause, where the selection of an Illinois forum simply does not fit within the statutory framework of Section 1391(a). Accordingly, even though this Court is concurrently issuing its usual initial scheduling order on the chance that this action may remain here, it orders

3

Schaeffler to file a statement on or before March 18, 2009 explaining why such should be the case.  This Court will then consider whether to retain the case or, instead, to enter an order of dismissal without prejudice.

                          _____
                          Milton I. Shadur
                          Senior United States District Judge

Date:  March 10, 2009