IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCHAEFFLER GROUP USA, INC.,   )
                              )
            Plaintiff,        )
                              )
    v.                        )   No. 09 C 1430
                              )
DEWIND, INC.,                 )
                              )
            Defendant.        )

MEMORANDUM

In response to this Court's sua sponte March 10 memorandum opinion and order ("Opinion") raising a question whether this action should go forward in this judicial district, plaintiff Schaeffler Group USA, Inc. ("Schaeffler") has filed its Statement Regarding Venue. That filing speaks only in generalities about the validity of forum selection clauses, with the only attempted justification for the brief provision in the parties' Master Supply Agreement being set out at page 2 of that Statement:

> Instead, the chosen forum was a compromise reached by the parties during their negotiations of the Master Agreement itself.

In relying on that asserted (though unexplained) "compromise," Schaeffler leans most heavily on IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc., 437 F.3d 606 (7th Cir. 2006) and its emphasis on the principle of freedom of contract-- an emphasis unsurprising in an opinion authored by Judge Richard Posner, and a principle to which this Court regularly accords strong adherence. But the contract at issue in that case had

major roots in the designated forum: That was the locale in which one of the parties' "principal offices are located" (id. at 607), and it was the jurisdiction whose laws were specified as governing the construction and enforcement of the contract (id.).

No such Illinois-based relationship of either kind (or, indeed, of any kind at all) is involved in the contract here. Instead DeWind is identified (Complaint ¶3) as "a Nevada corporation in the business of manufacturing wind turbines," with its principal place of business located in Irvine, California. Relatedly Schaeffler's counsel's preparation of the summons for service of process prescribed Carson City, Nevada as the place to serve DeWind. Nor does Schaeffler's Statement say anything at all about DeWind's presence in this judicial district--its Complaint ¶2 offers only the flimsy predicate for siting this lawsuit here as <u>its own</u> "sales office in Lisle, Illinois" (it should be remembered that Schaeffler's principal place of business is also far off--in South Carolina).[1]

As for the choice of applicable law, as Opinion at 2 points out, the parties' agreement is totally silent on the subject,

---

[1] That Illinois sales office is not said to have played any role whatever in the formation of the contract between the parties. Both the cover page and the signature page of that document specify the parties' principal places of business (both a long way from Illinois) as their respective locations, while Opinion at 2 refers to DeWind's purchase order as being directed to Schaeffler's South Carolina principal location and as calling for delivery to a Texas address.

2

even though the caption of its provision that specifies locating venue here had also listed "Applicable Law" as a subject. More importantly in that respect, there is not the wisp of any suggested basis for a resort to Illinois' substantive law to supply the rules of decision--after all, Illinois has nothing to do with the parties' transaction.

IFC Credit itself recognizes that there is a third "party"--the court--possessing a vital interest in such matters (437 F.3d at 608):

> A court system has an independent interest in deciding which court in the system shall hear which cases, to minimize imbalances in the workload.

This Court has total respect for and adherence to this District Court's random assignment system and for the workload it delivers to this Court's calendar, most recently including such cases (for example) as (1) one of the largest securities class actions in the country (brought by shareholders of General Growth Industries), (2) a Sherman Act class action charging that a "milk trust" fixes prices and monopolizes the markets for milk futures contracts, cheese spot call contracts and other related contracts and (3) a challenge to the federal constitutionality of an Illinois constitutional provision and the implementing Illinois legislation dealing with the retirement of elected state court judges (to say nothing of significant criminal cases assigned to this Court's calendar).

As indicated in the Opinion and as reconfirmed today, no good reason appears to justify adding a totally non-Illinois-related million dollar lawsuit to the mix. Unless DeWind delivers some persuasive statement to this Court's chambers on or before March 30, 2009 specifying some justification that might overcome what has been said in the Opinion and in this follow-up opinion, this Court plans to dismiss this action without prejudice to its potential reassertion in some location that bears some rational relationship (and not merely the parties' ipse dixit) to the parties' dispute.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 23, 2009